# NOS. 12-19-00110-CR
# 12-19-00133-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NELSON ISAC FERNANDEZ-LOPEZ,* **APPELLANT** | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* **APPELLEE** | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Nelson Isac Fernandez-Lopez appeals his convictions for unlawful interception, use, or disclosure of wire, oral, or electronic communications and engaging in organized criminal activity. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

#### BACKGROUND

Appellant was charged by indictment with unlawful interception, use, or disclosure of wire, oral, or electronic communications[1] and engaging in organized criminal activity.[2] He pleaded "guilty," and the matter proceeded to a bench trial on punishment.

At the punishment trial, the evidence showed that Tyler Police detectives advised Officer Bianca Smedley to watch a local gas station because of recent skimming[3] activity there. While

---

[1] A second-degree felony as charged. *See* TEX. PENAL CODE ANN. § 16.02(b)(1), (f) (West 2019).

[2] A first-degree felony as charged. *See* TEX. PENAL CODE ANN. § 71.02(a)(8), (b) (West Supp. 2019).

watching the station, Smedley saw Appellant and another man park by a pump and exit their vehicle. Instead of pumping gas, they began walking around the pumps and then moved to another pump. Smedley contacted them, and a subsequent search of the suspects and vehicle revealed a laptop computer, gas pump key, skimmers, and other equipment used in the skimming process. Detectives subsequently found 417 stolen credit card numbers on USB drives obtained during the search.

Ultimately, the trial court assessed Appellant's punishment at imprisonment for ten years in the unlawful interception, use, or disclosure of wire, oral, or electronic communications case and forty-five years in the engaging in organized criminal activity case. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has reviewed the record and found no reversible error or jurisdictional defects. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[4]

We considered counsel's brief and conducted our own independent review of the record. *Id.* at 811. We found no reversible error.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we *grant* counsel's motion for leave to withdraw and *affirm* the judgments of the trial court.

---

[3] Skimming is the process of planting a device inside a gas pump for the purpose of stealing credit card information.

[4] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief expired and no timely pro se brief was filed.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgments to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2020**

**NO. 12-19-00110-CR**

**NELSON ISAC FERNANDEZ-LOPEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1652-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2020**

**NO. 12-19-00133-CR**

**NELSON ISAC FERNANDEZ-LOPEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0079-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*